JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-5976 PA (AFMx) | Date | July 26, 2021 |
|---|---|---|---|
| Title | Brianna Orlowski v. Phytage Laboratories LLC et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| K. Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS – COURT ORDER

    The Court is in receipt of a Notice of Removal filed by defendant My Lifestyle Solutions LLC d/b/a Phytage Labs ("Defendant"). (Dkt. 1 ("Removal").) The Notice alleges that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. ¶6.) However, after reviewing the Notice of Removal, it appears that Defendant has failed to properly allege its own citizenship.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "[T]o properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled." Schweiss v. Greenway Health, LLC, 2019 U.S. Dist. LEXIS 90066, at *4 (C.D. Cal. May 29, 2019) (citing NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016)) (emphasis added).

    Here, the Notice of Removal states that Defendant is a limited liability company whose sole member is Make Good Media, LLC, a limited liability company. (Removal ¶¶6-10.) The sole owner

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-5976 PA (AFMx) | Date | July 26, 2021 |
|---|---|---|---|
| Title | Brianna Orlowski v. Phytage Laboratories LLC et al | | |

and member of Make Good Media, LLC is Lone Star Media Partners, LP, a limited partnership. (Id.) Defendant alleges that "Lone Star Media Partners, LP is owned by two natural persons that are citizens of the State of Texas; the Lifestyle Solutions Trust, a Trust formed pursuant to the laws of the State of Texas; and Celero Pros, Inc. a domestic 'C' corporation incorporated under the laws of the State of Texas with a principal place of business in Austin, Texas." (Id.) However, for Lifestyle Solutions Trust, "[a] trust has the citizenship of its trustee or the trustees." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464 (1980)); Pavoni v. Chrysler Grp. LLC, 2012 U.S. Dist. LEXIS 196143, at *6-7 (C.D. Cal. Apr. 23, 2012) ("The VEBA Trust is a citizen of the states where its trustees are citizens"). Defendant has not presented any information in the Notice of Removal about the trustee(s) of Lifestyle Solutions Trust, or their citizenship. Defendant's allegation that Lifestyle Solutions Trust is "a Trust formed pursuant to the laws of the State of Texas" is insufficient to establish the citizenship of the trust.

Because Defendant has not sufficiently alleged the citizenship of Lifestyle Solutions Trust, it has also failed to establish its own citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Moreover, a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship.") (collecting cases); Cretian v. Job1USA, Inc., 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Therefore, the Court finds that Defendant has failed to establish complete diversity of the parties.

For these reasons, Defendant has not met the burden of showing that this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 21SMCV00562, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.